UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMAN HOEWISCHER,

    Plaintiff,

vs.                                     Case No.  3:11-cv-483-J-34MCR

KENNARD INVESTMENTS II, L.C.,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Clerk's Entry of Default Against Defendant (Doc. 8) filed June 29, 2011.

Plaintiff asks the Court for entry of a default by the Clerk pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against Defendant, Kennard Investments II, L.C. Rule 55(a) provides for the entry of a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise ..."  An order for entry of default is within the discretion of the Court, see Marschhauser v. Travelers Indemnity Co., 145 F.R.D. 605, 610 (S.D. Fla. 1992), however, the Eleventh Circuit has determined "[d]efault is to be used sparingly," and cases should normally be adjudicated on their merits.  Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002).

In the present case, Plaintiff seeks entry of default against Defendant based on its alleged failure to "plead or otherwise defend itself."  (Doc. 8, p.2).  However, in order

to obtain entry of a clerk's default, a plaintiff must first effect service of the summons and the complaint properly on the defendant within 120 days of the filing of the action as required by Rule 4(m).  See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) (finding that "service of process must be effective under the Federal Rules of Civil Procedure before a default ... may be entered against a defendant.") (citations omitted).  Upon review of the docket, the Court notes that no return of service was filed showing that Defendant was ever properly served.  In the instant motion, Plaintiff merely states that Defendant was served on May 26, 2011.  Plaintiff makes no other argument, and did not attach or incorporate by reference a copy of the Return of Service or any other document to show proper service.  As such, a clerk's default may not be entered at this time.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion for Clerk's Entry of Default  Against Defendant (Doc. 8) is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  6th  day of July, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party